## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY BARTON, TRUSTEE, and<br>INDIANA TEAMSTERS HEALTH<br>BENEFITS FUND, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 1:18-cv-3842 |
| | ) |
| SHOSHONE TRUCKING, LLC, | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Danny Barton, Trustee ("Barton"), the Indiana Teamsters Health Benefits Fund ("Fund"), by counsel, and for their complaint against Defendant, Shoshone Trucking, LLC ("Shoshone"), state the following:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action is based on Sections 502 and 515 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements, participation agreements, and trust documents requiring the Defendant to make health and welfare contributions on behalf of its employees to the Plaintiffs, thereby violating the provisions of the Employee Retirement Income Security Act of 1974,

and the terms and provisions of employee benefit plans, and the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947.

2.      Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2), as this is the judicial district in which the Fund is administered.

3.      Barton is a Trustee of the Fund. Barton is a fiduciary of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Barton brings this action on behalf of the participants and Trustees of the Fund.

4.      The Fund is an employee benefit plan within the meaning of Sections 3(1) and (3), and Section 502 of ERISA, 29 U.S.C. §§ 1002(1) and (3) and 1132. The Fund maintains its office and principal place of business in Indianapolis, Indiana. The Fund has standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

5.      Shoshone is an Indiana limited liability company with its principal place of business in Peru, Indiana.

6.      Shoshone is an employer and party in interest in an industry affecting commerce within the meaning of Section 3(5)(11)(12) and (14) and 209 of ERISA, 29 U.S.C. §§ 1002(5)(11)(12) and (14) and 1059.

7.      Diamond Trucking, Inc. ("Diamond"), entered into collective bargaining agreements with Teamsters Joint Council 69 requiring it to make periodic contributions to the Fund on behalf of certain of its employees.

8.      By virtue of certain provisions contained in the collective bargaining agreement, Diamond was bound by the Trust Agreement establishing the Fund.

9.     Diamond fell delinquent in its contributions to the Fund, leading the Fund to file suit against Diamond in case number 1:15-cv-00005-SEB-MJD on January 2, 2015.

10.    The Fund's suit resulted in the entry of an agreed judgment of $103,241.19 against Diamond on August 24, 2015.

11.    Plaintiffs filed a motion to enforce their judgment by proceedings supplemental on November 17, 2016, which the Court set for a hearing on November 30, 2016

12.    Neither Diamond nor its attorneys appeared at the hearing on November 30, 2016.

13.    Diamond filed a Chapter 7 bankruptcy petition on December 14, 2016. The cause number in that action is 16-32627-hcd.

14.    The Fund's judgment against Diamond remains unsatisfied and the Fund has never collected the contributions owed to it by Diamond.

15.    Diamond and Shoshone are alter-egos, and/or Shoshone is a successor to Diamond, having the same or substantially similar equipment, employees, operations, locations, and ownership.

16.    Specifically, upon information and belief:

    a.    Teresa Pendleton is the sister of Michael Bowyer, Mark Bowyer, and Steve Bowyer, and the sister-in-law of Rochelle Bowyer, Michael Bowyer's wife;

b.    Pendleton and her three brothers formed DT Leasing, LLC ("DT Leasing") in February 2013, and collectively own 100% of it;

c.    Pendleton and her three brothers collectively owned 100% of Diamond until some point in 2013, after which the three Bowyer brothers ceased having an ownership interest in Diamond, leaving Pendleton as the sole owner;

d.    Diamond transferred ownership of its trucks to DT Leasing after it was formed;

e.    In August 2014, Diamond withdrew from the Central States, Southeast & Southwest Areas Pension Fund, a multiemployer pension plan, incurring more than $4.5 million in withdrawal liability under 29 U.S.C. §§ 1381, 1391, which is the subject of a lawsuit in case number 16-cv-3555;

f.    Diamond ended its operations in August 2014, and, shortly thereafter, Pendleton bought or started Shoshone;

g.    Diamond and Shoshone share common business purposes;

h.    Pendleton transferred approximately 20 employees from Diamond to Shoshone when Diamond ceased operations;

i.    Shoshone performs the same or substantially similar work for the same clients as Diamond, and uses Diamond's former drivers and dispatcher;

j.    Shoshone uses the same tri-axle dump trucks that Diamond allegedly leased from DT Leasing;

k.    Pendleton and Rochelle Bowyer own 100% of Shoshone;

l.    Shoshone and DT Leasing are joint insureds on the trucks Shoshone uses;

m.    Diamond and DT Leasing previously shared the same principal office address;

4

      n.     Shoshone and DT Leasing currently share the same principal office address; and

      o.     Shoshone operates in the same geographic areas as Diamond.

17.     Shoshone had notice of the agreed judgment against Diamond because Pendleton owns them both, and the Bowyer brothers continued to operate and exercise control over Diamond even after relinquishing their formal ownership interests.

18.     The transfer of Diamond's business to Shoshone, and re-creation of Diamond as Shoshone, was in furtherance of Diamond's effort to evade its civil liability, CBA, and the Trust Agreements, and a disguised continuance of Diamond.

## COUNT I: SUCCESSORSHIP LIABILITY

19.     The Fund incorporate by references the allegations in paragraph 1 through 19 as if fully restated herein.

20.     Based on the foregoing, Shoshone is a successor to Diamond, and is liable for Diamond's unpaid contributions owed to the Fund.

## COUNT II: ALTER EGO LIABILITY

21.     The Fund incorporate by references the allegations in paragraph 1 through 19 as if fully restated herein.

22.     Based on the foregoing, Shoshone is an alter ego of Diamond, and is liable for Diamond's unpaid contributions owed to the Fund.

**WHEREFORE,** the Fund prays for the following relief:

A.  A judicial declaration that Shoshone is a successor and/or alter ego to Diamond;

B.  Judgment entered in favor of the Fund and against Shoshone in the amount of Diamond's contributions owed to the Fund;

C.  An award of costs, reasonable attorneys' fees incurred in the prosecution of this action, interest, liquidated damages, all as provided in the applicable agreements and ERISA Section 502(g)(2);

D.  The Court retain jurisdiction of this action pending compliance with its orders, and

E.  All other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ David T. Vlink

David T. Vlink
Attorney No. 30182-45
FILLENWARTH DENNERLINE
GROTH & TOWE, LLC
429 E. Vermont St., Suite 200
Indianapolis, IN 46202
(317) 353-9363
dvlink@fdgtlaborlaw.com